IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOLITA DUGLAS,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **AVENUE OF THE ARTS DENTAL** *et al.*, | : | **No. 21-2145** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                             MAY 24, 2021

On May 10, 2021, the Clerk of Court docketed a one-page emailed letter from Lolita Duglas. (ECF No. 1.) Although this letter is deficient as a complaint in a civil action in a number of respects, in an abundance of caution, the Clerk of Court treated this letter as a Complaint, and opened a civil action. In the normal course the matter came to the undersigned for review. However, it is not clear to the Court that Ms. Duglas, by emailing the letter, intended to initiate a federal lawsuit. Because proceeding in this manner could have consequences Ms. Duglas did not intend when she mailed the letter, the Court will require further filings from her as detailed in the accompanying Order, consistent with the Federal Rules of Civil Procedure and relevant statutes.

Ms. Duglas states that she was denied dental treatment from Avenue of the Arts Dental and Mark Hoang, DMD. She alleges no other facts showing she is entitled to relief on a legal claim within this Court's jurisdiction. Ms. Duglas's letter fails to meet the requirements of the Federal Rules of Civil Procedure and the applicable federal civil rights statutes, and therefore cannot proceed in its present form. Specifically, Ms. Duglas's letter does not comply with the requirements of Federal Rules of Civil Procedure 8 and 10. To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v.*

1

*U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Medical Center*, No. 16-cv-4741 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10(b)). Ms. Duglas's letter does not allege any legal basis for a federal claim and does not set forth facts or claims in numbered paragraphs.

The Complaint was also submitted without a handwritten signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, Civ. A. No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

Moreover, all parties instituting a civil action in a district court must pay a filing fee of $350 and an administrative fee of $52. *See* 28 U.S.C. §§ 1914(a), (b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14). However, the additional fee does not apply to persons granted leave to proceed *in forma pauperis*. An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis*

under 28 U.S.C. § 1915(a). Here, Ms. Duglas did not pay the required filing fee or seek leave to proceed *in forma pauperis*.

For the foregoing reasons, the Court will order Ms. Duglas to remedy these errors with her complaint. An appropriate Order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE